ALBANY,
Jan. 1832.

In the matter
of Gilbert.

---

In the matter of MOSES H. GILBERT, proceeded against as an absent debtor.

This court will not entertain a motion in respect to the regularity of the proceedings of a commissioner under the act concerning *absent, concealed or absconding debtors,* until after report made by the commissioner; the jurisdiction of the court to review the proceedings is acquired only by *report made* or *certiorari returned.*

In an application for an *attachment* against the estate of an *absent debtor,* the nature of the indebtedness must be shewn.

MOTION to set aside attachment against property of an absent debtor. The motion is founded on the defect in the application for the attachment, in omitting to state that the demand of the creditors " arose upon contract, or upon a judgment or decree rendered within this state." The affidavits on

which the attachment was procured were filed by the commissioner granting the attachment in the clerk's office at Utica, on the 25th *July* last, but the order made by him for the debtor to appear, does not expire until the 2d *March next.* In opposition to the motion it was urged that the court had not jurisdiction of this matter, the proceedings not being here by *certiorari,* and no *report* having been made by the commissioner, who cannot be required to make a report until after the appointment of trustees, the time for whose appointment has not yet arrived.

*By the Court,* SAVAGE, Ch. J. This is a motion to set aside the attachmect issued in this case, on the ground that the application to the commissioner does not state that the indebtedness to the attaching creditors arose " upon contract, or upon a judgment or a decree rendered within this state." By the statute, no other than such a creditor can make an application for an attachment, and it has recently been decided that the application must state the nature of the indebtedness, and how it arose. *In the matter of Hollingshead,* 6 Wendell, 553. Under the former statutes, it was only required to be stated that the debtor was *indebted* within this state ; and hence probably arose the error : the application was made in the old form, without adverting to the requirements of the revised statutes.

The principal question here, however, is whether this court has jurisdiction of the matter in its present state. The whole proceeding is regulated by statute, and this court possesses the powers conferred by the statute, and no other except its common law powers. As a court of common law, we can review on certiorari the proceeding of inferior tribunals, or in a proper case, control their proceedings by mandamus or prohibition ; but I find no authority in the statute for entertaining a motion like this, until *after the report* made by the commissioner subsequent to the appointment of trustees. By the 68th section, 2 R. S. 13, the officer who issued the warrant shall, within 20 days after the appointment of trustees, make a report to the supreme court, " after which the supreme court shall have jurisdiction over such proceedings." By the 69th

section, page 14, any proceedings previous to the report may be removed into the supreme court by certiorari. By the 70th section, the supreme court, upon an examination of the return to the certiorari, or of the report of the officer, may correct any errors therein, and make such order as shall seem just. It is true, that by the 67th section, the affidavits upon which a warrant has been issued must be filed within 30 days in the office of a clerk of the supreme court, but no authority is given to this court to act, nor has it jurisdiction of the subject matter until *report made* or *certiorari returned.* In this case the notice for the debtor to appear does not expire until the second day of March next; it is impossible, therefore, that trustees can have been appointed and a report made. There has been no certiorari issued and returned; this court therefore has no jurisdiction, and the motion must be denied. It does not appear from the case of *Hollingshead,* whether are port had been made in that case; the presumption is, that it had, as no objection of that kind was taken; nor does it appear whether in that case the fact was apparent, as here, that no report could have been made.

Motion denied.