In the matter of FRANCISCO MARTY.

After an attachment has been regularly issued against a non-resident debtor, it can-not be discharged by the officer who granted the same, except in one of the cases prescribed by the statute.   He has no power to make an order superseding the attachment, upon affidavits contradicting the fact of the creditor's residence.

Neither has the supreme court power to supersede an attachment, except upon the return of the officer who granted the same, to a certiorari directed to him.

An application to the officer issuing an attachment, for a supersedeas thereof, being unauthorized, *it seems* affidavits read upon that application are not a part of the proceedings before him, and therefore do not constitute a part of the return made by him to a certiorari, and cannot be regarded as before the court issuing the certiorari.

An attachment may be issued against a non-resident debtor, upon an unliquidated debt.

AN attachment was issued against Marty, on the application of Valtellina.   It appeared from the petition, that the creditor was a resident of the city of New-York, but the debt was con-tracted out of this state.   After the attachment was issued, Marty applied to the judge who issued it, for a supersedeas, upon the ground that Valtellina was not a resident of this state;

In the matter of Marty.

and he read affidavits, which he claimed established this fact. The motion was denied, and the proceedings were removed into this court by certiorari. The decision of the judge refusing a supersedeas was affirmed in this court at a special term; (see 2 *Barb. Sup. Court Rep.* 436, *S. C.*,) and the cause came before the court on an order for a rehearing.

A. D. *Logan*, for the motion.

R. *Emmett*, for the creditor.

*By the Court*, SILL, J.   The refusal of the supersedeas by the officer who granted the attachment was clearly right.   He could exercise no powers except those expressly conferred by the statute.   And after the attachment had regularly issued, it could not be discharged by him, except in one of the cases prescribed by the statute.   Authority to make an order superseding the attachment, upon affidavits contradicting the fact of the creditor's residence, is not found in the act authorizing this proceeding.   It is claimed that the power is conferred on this court, and that we should treat this motion as an original application made here.   (2 *R. S.* 14, § 70.)   This section authorizes the court, upon an examination of the return, or the report of the officer, to correct any errors therein, or to make such other order as shall seem just, and to remit the proceedings to the officer who issued the attachment.   Without a return to a certiorari, or a report, this court has no jurisdiction of the matter.   (*Matter of Gilbert*, 7 *Wend.* 490.)   Any order, therefore which we make must be founded on the return of the officer to the certiorari issued in this case.   The application to the officer who issued the warrant for a supersedeas, being unauthorized by the statute, it may well be doubted whether the affidavits made and read on that motion, are legitimately a part of the proceedings before him.   And if not, they constitute no part of the return, and cannot be regarded as before us.   Waiving this question, however, I think the affidavits on the part of the debtor do not necessarily conflict with the creditor's proof of

In the matter of Marty.

residence. It appears, by the petition, that the applicant is a foreigner by birth; that he has made a declaration of his intention to become a citizen of the United States, and is now a resident of the city of New-York. The debtor's affidavits contain much irrelevant matter which should not have been in them; and what they contain bearing directly upon the point he seeks to establish, is stated upon information and belief. But if positively sworn to, and true, they do not necessarily prove the creditor's non-residence. The facts are consistent with his being a resident, in the view of the law, of the city of New-York. What remedy the debtor would have were he able to establish the non-residence of Valtellina, or whether he would have any that might arrest these proceedings, I do not propose to inquire.

The point that the attachment was unauthorized because the debt is unliquidated, is not tenable. The order at special term must be affirmed with costs.

The opinion of the justice who decided the case at the special term, was read on the argument; from which it appears that he placed his decision upon the ground that the attachment might issue although the creditor were a non-resident and the debt was contracted out of this state. · I cannot concur in this construction of the statute. After a careful examination of all the cases cited by him, and comparing the present statute with those of 1801 and 1813, and referring to the various decisions of the courts giving them a construction, I am fully satisfied that to authorize the issuing of an attachment, either the claim must have arisen in this state, or the applicant must reside here. This question is not involved in the view I have taken of the case before us, *and therefore* I do not propose to discuss it. It is referred to merely for the purpose of expressing my non-concurrence in the legal position laid down at the special term.

Order made at the special term affirmed, with costs.